CHARLES NORMAN, DEFENDANT IN ERROR, v. MIDDLE-SEX AND SOMERSET TRACTION COMPANY, PLAINTIFF IN ERROR.

Argued December 2, 1902—Decided March 2, 1903.

1. If the plaintiff, when injured by negligence on the part of the employes of the defendant, was employed and paid by one who acted in so doing as the mere agent of the defendant, in such case the plaintiff was a co-servant with those whose negligence occasioned his injury, and there should have been a direction of a verdict for the defendant if the jury found such agency existed.

2. If the plaintiff, when so injured, was employed by one who had some contract to repair the tracks of the defendant, the question whether he had transferred plaintiff's services *pro hac vice* to defendant, with plaintiff's consent, should have been submitted to the jury.

For the plaintiff in error, *Willard P. Voorhees.*

For the defendant in error, *Alan H. Strong.*

PER CURIAM.

This was an action in the Middlesex Circuit, originally brought against the Middlesex and Somerset Traction Company and Thomas M. Lesher and Frank Lesher, named as partners. The purpose of the action was to recover for an injury of plaintiff occasioned by the alleged negligence of the defendants in running cars over a street railway of the defendant company. The action was discontinued with respect to the defendants Thomas M. Lesher and Frank Lesher, and was brought to trial upon the issue made by the plea of the general issue filed by the Middlesex and Somerset Traction Company.

At the trial there was no question but that the collision injured the plaintiff and was the result of negligence on the part of employes of the defendant company. The question tried was whether the plaintiff was not also in the employment of the same company, so that the negligence by which he was

injured was that of a fellow-servant. The trial judge directed the jury to find a verdict for the plaintiff, and an exception was duly taken. In this respect the judge manifestly erred.

There were two views which could have been taken of the evidence. One possible view was that Thomas M. Lesher, who employed and paid the plaintiff, acted, in so doing, as the mere agent of the defendant company. In such case the plaintiff was a co-servant with those whose negligence occasioned his injury, and there should have been a direction for a verdict for the defendant if the jury found such agency existed. The other possible view was that Lesher had some contract with the defendant company respecting the repair of its tracks, and, having employed the plaintiff in respect to his business, had transferred plaintiff's services *pro hac vice* to the defendant company, with plaintiff's consent. In this view there should have been a submission to the jury of the question whether there had been such transference of services with plaintiff's consent (there being evidence sufficient to submit to the jury on that subject), with direction to find for defendant if such transfer of services was found proved.

As the case will doubtless be tried again upon evidence which may vary from that now before us, it is deemed unnecessary to express any opinion as to the effect of the evidence. In either of the possible views of the evidence above noticed, the action of the judge in directing a verdict for plaintiff was indefensible.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, VAN SYCKEL, DIXON, GARRETSON, HENDRICKSON, PITNEY, BOGERT, VREDENBURGH, VOORHEES, VROOM. 10.